UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIDGEPORT MUSIC, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO. 3:05-0377 |
| | ) | Judge Campbell/Brown |
| Robert Hill Music, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**TO: The Honorable Todd J. Campbell**

## REPORT AND RECOMMENDATION

**I.   INTRODUCTION**

The Plaintiff is this case has filed a Motion for Judgment by Default against the Defendant, Robert Hill Music.  (Docket Entry No. 73).

For the reasons stated below, the Magistrate Judge **recommends** that the Plaintiff's, Bridgeport Music, Inc., Motion for Default Judgment against Defendant, Robert Hill Music, be **granted** and the District Judge enter the order of default against the defendant, as set forth in the proposed order which is attached to this Report and Recommendation.

**II.   BACKGROUND**

The Plaintiff filed it's original Complaint on May 12, 2005. (Docket Entry No. 1). Plaintiff obtained service of process on Defendant, Robert Hill Music, by U.S. Regular Mail. (Docket Entry Nos. 36, 37 and 42).  When the Defendant, Robert Hill Music, did not answer the Complaint on June 15, 2006, Plaintiff requested an Entry of Default, supported by an affidavit of

1

Heidi White (Docket Entry Nos. 51 and 52).

After review by the Clerk, a default was entered against Defendant Robert Hill Music on July 18, 2006. (Docket Entry 54). The Plaintiff has now filed it's Motion for Judgment by Default, (Docket Entry No. 73), supported by a memorandum of law (Docket Entry No. 74), an affidavit of Heidi White concerning service of process in this matter (Docket Entry 76), and a declaration of Jane Peterer, President of Jane Peterer's Music Corporation (Docket Entry 75), which has been Plaintiff's administrator for publishing for 21 years. The matter was referred by the Clerk to the District Judge concerning the issue of default judgment.

The Plaintiff requests as relief that Defendant Robert Hill Music (1) be found liable for copyright infringements; (2) be found liable for willful copyright infringement; (3) be required to submit to an accounting; (4) be enjoined from further violations; (5) be required to deliver for impoundment infringing materials; and (6) be required to pay the cost of this action, including reasonable attorneys' fees. The Plaintiff further requests the Court to (7) enter a declaratory judgment that Plaintiff owns the Defendant Robert Hill Music's interest in the copyrights in the infringing compositions and sound recordings effective as of the date of their creation; (8) award Plaintiff judgment interest from May 12, 2005 and (9) award Plaintiff all relief which it is justly entitled.

Additionally, the Plaintiff has supported it's motion with a declaration of Jane Peterer (Docket Entry No. 75). In her affidavit, Ms. Peterer concludes that the Defendant Robert Hill Music has sampled the Plaintiff's work as alleged. As an expert in the area and administrator of the publishing business of Bridgeport Music, she also sets forth in general terms how the industry works explaining that, because the plaintiff did not know the actual sales of the

2

defendant's works which copied theirs, they were unable to determine actual damages and therefore requested statutory damages.

In addition, Ms. Peterer's affidavit supports Bridgeport's theory that they are entitled to 100% ownership of the entirety of the Defendant's, Robert Hill Music, ownership interest in and to the copyright and masters of the sound recording "I Know You Got Soul."

Defendant Robert Hill Music has not filed a response to Plaintiff's Motion for Default Judgment. However, Defendant Universal-Songs of Polygram International, Inc. and UMG Recordings, Inc. (hereinafter "Defendant Universal") have filed a response to Plaintiff's Motion for Default Judgment citing numerous objections to an entry of a default judgment against Co-Defendant Robert Hill Music (Docket Entry No. 86). Defendant Universal contends that any default judgment against Defendant Robert Hill Music is premature and improper as it would prejudice Defendant Universal at trial and may result in inconsistent judgments among the Defendants. Defendant Universal then requests in the alternative that any default judgment be limited to include only those ownership rights that Defendant Robert Hill Music may possess in the musical composition "I Know You Got Soul."

They also wish it to be made clear that Defendant Universal has no obligation to the Plaintiff with respect to ownership interests prior to the entry of an actual default judgment against Defendant Robert Hill.

Next, Defendant Universal objects to any order that purports to prohibit them from exploiting any sound recording of "I Know You Got Soul." Defendant Universal also wishes it to be made clear that any impoundment or destruction order would not apply to any non-defaulting defendants, such as themselves.

3

Additionally, Defendant Universal adds some purely gratuitous comments concerning the amount of statutory damages and damages in general that should be awarded against Defendant Robert Hill Music. These comments appear to be more in the nature of attempting to act as counsel for Defendant Robert Hill Music, which they clearly are not and which they earlier have professed not to be. In that sense, these comments appear to be that of an intermeddler who has no standing to raise such comments. If defense counsel for Defendant Universal wishes to make an appearance of behalf of Defendant Robert Hill Music, they should do so. Otherwise, they should stick to issues that concern them. Clearly, they have a right to object to anything that affects them but they appear to be going beyond this scope in their response.[1]

Finally, Defendant Universal again argues that service on Defendant Robert Hill Music was insufficient and incomplete. However, this matter has been well settled by the Court which has found that Plaintiff obtained service of process on Defendant Robert Hill Music. (Docket Entry 36, 37, 42).

### III. LEGAL DISCUSSION

Inasmuch as the Defendant, Robert Hill Music, has failed to respond in any way to these proceedings, and in particular to the Motion for Default Judgment, the Court may take the motion as unopposed under the Court's Local Rules.

Defendant Universal has filed a response to Plaintiff's Motion for Default Judgment. However, Defendant Universal does not have standing to appear on behalf of Defendant Robert Hill Music, who, to date, has not given this Court any indication that it intends to defend this

---

[1]Defendant Universal, despite all their objections, did not suggest specific language for any default judgment that would protect their interest.

4

suit.

While Defendant Universal does not have standing to object to the default judgment on behalf of Defendant Robert Hill Music, the Court has considered Defendant Universal's objections and how a default judgment will impact Defendant Universal as this case proceeds. The Magistrate Judge stresses that this default judgment has been carefully crafted as to apply only to Defendant Robert Hill Music. Additionally, any alleged prejudice can be regulated by the District Judge at trial in his discretion.

The Magistrate Judge does note that, given Defendant Universal's self proclaimed "compelling interest" in Defendant Robert Hill Music's ownership rights, perhaps Defendant Universal should have persuaded Defendant Robert Hill Music to participate in these proceedings or perhaps even obtained Defendant Robert Hill Music's consent to appear on it's behalf. As the "exclusive administrator of Robert Hill Music's interest in the musical composition '*I Know You Got Soul,*'" (See Docket Entry 86, page 11), surely Defendant Universal has had significant contact with Defendant Robert Hill Music since this case began, thereby giving Defendant Universal ample opportunity to explore the above possibilities.

Plaintiffs had previously requested a jury trial in this matter, however, in their present Motion for Default Judgment, they expressly waive any right to a jury trial.

From the pleadings, it appears clear that the defendant corporation is neither an infant, incompetent, or in the military service.

It further appears that the Plaintiff has been denied the right to learn actual profits that the Defendant, Robert Hill Music, may have earned from it's improper use of the Plaintiff's works. Accordingly, the Plaintiff's request for statutory damages in lieu of actual damages appears

5

reasonable.  In addition, under 17 U.S.C. § 503, they are entitled to have delivered up for impoundment the various infringing materials involving "I Know You Got Soul."

The Court's Order should, however, not be construed as to allow the impoundment of any property not in the possession of the defaulting Defendant, Robert Hill Music.

The Plaintiff further claimed the Defendant's rights to the copyright of the infringing sound recording and the masters of the infringing sound recordings.  In view of the lack of opposition, the Magistrate Judge agrees with the Plaintiff's position on this matter, and accordingly believes that they are entitled to this relief as well.  The Plaintiff is not entitled to acquire any rights beyond that held by the defaulting Defendant, Robert Hill Music.

Additionally, any default judgment entered against this Defendant should not effect payments made by any third parties to Defendant, Robert Hill Music, prior to the effective date of a default judgment entered against them in this case.

A proposed order of default judgment against Defendant, Robert Hill Music, is attached to this Report and Recommendation.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **recommends** that the Plaintiff's, Bridgeport Music, Inc., Motion for Default Judgment against Defendant, Robert Hill Music, be **granted** and the District Judge enter the order of default against the defendant, as set forth in the proposed order which is attached to this Report and Recommendation.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.  Any party opposing said objections shall have ten

(10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986).

**ENTERED** this 13th day of September 2006.

/S/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **Bridgeport Music Inc.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:05-0377 |
| vs. | ) | Judge Campbell/Brown |
| | ) | |
| **Robert Hill Music, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF DEFAULT JUDGMENT**

Before the Court is the Motion of Plaintiff Bridgeport Music Inc. for Default Judgment as to Defendant Robert Hill Music on all issues of liability. The Court hereby enters the following Order specifically setting forth the rulings of the Court with respect to Defendant Robert Hill Music **only**:

It is hereby ORDERED, ADJUDGED AND DECREED:

(1) that Defendant Robert Hill Music **only** is liable for one act of willful direct, contributory, and vicarious copyright infringement concerning the musical composition "I Know You Got Soul" a/k/a "I Know You Got Soul (rap version)," "I Know You Got Soul (Richie Rich Mega Mix)," and "I Know You Got Soul (Dub)" containing Plaintiff Bridgeport's copyrighted musical composition "You'll Like It Too;"

(2) that Defendant Robert Hill Music shall pay to Plaintiff Bridgeport Music Inc. the sum of One Hundred Fifty Thousand Dollars ($150,000.00) as and for monetary damages for one act of willful copyright infringement for the reproduction and distribution of Bridgeport's musical composition "You'll Like It Too" in the Infringing Composition "I Know You Got Soul" a/k/a "I Know You Got Soul (rap version)," "I Know You Got Soul (Richie Rich Mega

Mix)," and "I Know You Got Soul (Dub)" for a total monetary damage award to Bridgeport Music Inc. of One Hundred Fifty Thousand Dollars ($150,000.00);

(3) that pursuant to 17 U.S.C. §502, Defendant Robert Hill Music, its agents, and servants only are permanently enjoined from infringing said copyright of Plaintiff in and to "You'll Like It Too" in any manner, including from licensing the copyright, distributing copies of and/or making phonorecords of "I Know You Got Soul" a/k/a "I Know You Got Soul (rap version)," "I Know You Got Soul (Richie Rich Mega Mix)," and "I Know You Got Soul (Dub)" and from publishing, selling, marketing or otherwise disposing of any copies of such phonorecords or any other devices upon which Plaintiff's unlicensed composition "You'll Like It Too" is embodied, and from licensing and contributing to or participating in and furthering any infringing acts;

(4) that pursuant to 17 U.S.C. §503, Defendant Robert Hill Music is required to deliver up on oath to be impounded and turned over to Plaintiff all infringing phonorecords, copies, recordings, and all plates, molds, matrices, and other means of any kind for making infringing copies, recordings, and/or sound recordings of "I Know You Got Soul" a/k/a "I Know You Got Soul (rap version)," "I Know You Got Soul (Richie Rich Mega Mix)," and "I Know You Got Soul (Dub),"and any other infringing materials in its possession and/or under its control, and it is ordered that all phonorecords of "I Know You Got Soul" a/k/a "I Know You Got Soul (rap version)" containing "You'll Like It Too" in whatever form, are prohibited from being further released, reprinted, performed or sold by Defendant Robert Hill Music, without the consent of Plaintiff Bridgeport Music Inc.;

(5) that Plaintiff Bridgeport Music Inc. hereby is declared the 100% owner of the entirety of the ownership interest of Defendant Robert Hill Music only in the copyright in and to

the musical composition "I Know You Got Soul" a/k/a "I Know You Got Soul (rap version)," "I Know You Got Soul (Richie Rich Mega Mix)," and "I Know You Got Soul (Dub)"effective as of the date of creation of said composition;

(6) that pursuant to 17 U.S.C. §505 Defendant Robert Hill Music only shall pay to Plaintiff Bridgeport Music Inc. prejudgment interest and post-judgment interest from May 12, 2005 at the legal rate and the costs of this action, including reasonable attorneys' fees and expenses to be submitted upon motion following entry of judgment.

IT IS SO ORDERED.

_____
Todd J. Campbell
United States District Judge