UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRIDGEPORT MUSIC, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 3:05-0377 |
| ) | Judge Campbell/Brown |
| Robert Hill Music, et al., ) | |
| ) | |
| Defendants. ) | |

**TO: The Honorable Todd J. Campbell**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

Bridgeport has filed a Motion for Summary Judgment requesting the dismissal of Defendant Universal-Songs of Polygram International, Inc. ("USOP") and Defendant UMG Recordings, Inc. ("UMG") counterclaims for breach of contract. (Docket Entry 260). This Motion was referred to the Magistrate Judge for Report and Recommendation. (Docket Entry 265). The Magistrate Judge has reviewed this motion and supporting memorandum (Docket Entry 263) as well as the response and reply. (Docket Entries 283 and 293).

For the reasons stated below, the Magistrate Judge **recommends** that Bridgeport's motion be **granted**.

### II. BACKGROUND

The Magistrate Judge has, in a previous report and recommendation, composed a very detailed factual and procedural background of the issues at hand in the instant motion. (See

1

Background Section of Docket Entry 173). As such, in the interests of judicial economy, it need not be repeated here at length and is incorporated in the instant report and recommendation.

In short, the parties disagree as to whether a settlement agreement was reached in July 2006 on eight products at issue. The Defendants filed a Motion to Enforce the alleged settlement agreement. (Docket Entry 97). This Motion to Enforce was denied. (Docket Entry 182). The District Judge specifically found that "the parties did not reach agreement on all the material terms of a settlement agreement." (Docket Entry 182). In that same Order, the District Judge granted the Defendants' alternative request to file a dispositive motion and a counterclaim. (Docket Entry 182). It is this counterclaim that Bridgeport seeks to summarily dismiss. (Docket Entry 260).

### III. LEGAL DISCUSSION

In sum, Bridgeport advances that the (1) settlement agreement/contract that is the basis of the counterclaim is not a valid and enforceable contract; (2) UMG can show no recoverable damages stemming from the purported breach and specific performance of the alleged contract is not available; and (3) UMG is not entitled to release pursuant to the Warner Agreement because Unichappell was not authorized to license the work. UMG responds that (1) there is a material dispute as to whether a settlement agreement was reached; (2) there are recoverable damages stemming from a breach of the settlement agreement and specific performance is a remedy and (3) the issue of whether Unichappell is authorized to issue licenses has been previously held by the Court to be a disputed material fact. These arguments have been argued and decided in several previous motions. However, they need not be discussed again at this time for the reason stated below.

Upon review, the counterclaim as written deals solely with the enforcement and/or damages

stemming from the alleged settlement agreement that was the subject of the Motion to Enforce. (Docket Entry 204). The District Judge has already ruled that the parties did not reach an agreement on all the material terms of this settlement agreement. (DE 182). Based upon this ruling, the Magistrate Judge finds that the Defendants' counterclaim, which deals solely with enforcing this same alleged settlement agreement, should be summarily dismissed.

## IV. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **recommends** that Bridgeport's motion for summary judgment (Docket Entry 260) be **granted**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 4th day of March 2006.

JOE B. BROWN
United States Magistrate Judge