IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

BRIDGEPORT MUSIC, INC.            )
                                  )
v.                                ) NO. 3:05-0377
                                  ) JUDGE CAMPBELL
ROBERT HILL MUSIC, et al.         )

MEMORANDUM

Pending before the Court are a Report and Recommendation of the Magistrate Judge (Docket No. 323) and Defendant UMG Recordings, Inc.'s Objections thereto (Docket No. 324).

For the reasons stated herein, the Objections of the Defendant are overruled and the Report and Recommendation of the Magistrate Judge is adopted and approved, but for additional reasons. Plaintiff's Motion for Summary Judgment (Docket No. 260) is GRANTED, and Defendants' Counterclaim (Docket No. 204) is DISMISSED.

INTRODUCTION

The issue before the Court on Plaintiff's Motion for Summary Judgment has been before the Court previously, under different standards of review. Initially, Defendant UMG filed a Motion to Enforce the Parties' Agreement to Dismiss Claims on Seven Products at Issue (Docket No. 97), alleging that the parties had reached an enforceable settlement agreement on certain claims in this case. The Court, rejecting a Report and Recommendation of the Magistrate Judge, denied UMG's Motion to Enforce, finding that the parties did not reach an agreement on all the material terms of a settlement agreement. Docket No. 182.

1

Later, Plaintiff filed a Motion for Judgment on the Pleadings (Docket No. 240), arguing that it was entitled to judgment on Defendants' Counterclaim and citing the Court's prior Order (Docket No. 182), wherein the Court held that parties did not reach an agreement on all the material terms of a settlement agreement. The standard of review applicable to motions for judgment on the pleadings required the Court to construe the Counterclaim in the light most favorable to the Defendants, accept all of the Counter-Complaint's factual allegations as true, and determine whether the Defendants undoubtedly could prove no set of facts in support of the Counterclaim that would entitle them to relief. Rawe v. Liberty Mut. Fire Ins. Co., 462 F.3d 521, 526 (6th Cir. 2006). Under this standard for determining a motion for judgment on the pleadings, the Court, accepting all of the Counterclaim's factual allegations as true, found that Plaintiff's Motion for Judgment on the Pleadings should be denied. Docket No. 252.

Currently before the Court is Plaintiff's Motion for Summary Judgment on Defendants' Counterclaim, which must be reviewed under a different standard. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Meyers v. Columbia/HCA Healthcare Corp., 341 F.3d 461, 466 (6th Cir. 2003). In deciding a motion for summary judgment, the court must view the factual evidence and draw all reasonable inferences in favor of the nonmoving party. Id.; Hopson v. DaimlerChrysler Corp., 306 F.3d 427, 432 (6th Cir. 2002).

The parties have now had every opportunity to present facts relevant to the issue and to dispute and rebut each other's allegations.

2

## FACTS

This action is one of many copyright infringement actions filed by Bridgeport against various music-industry Defendants. On January 29, 2007, Defendants Universal-Songs of Polygram International and UMG Recordings, Inc. filed a Counterclaim in this action, alleging a claim for breach of contract against Plaintiff Bridgeport Music, Inc. Docket No. 204. Defendants contended that the parties had reached a settlement agreement and Bridgeport had agreed to dismiss, with prejudice, certain of its claims against Defendants in this action. Defendants claim that Bridgeport then repudiated that agreement and refused to dismiss the claims. Id., p. 18.

Plaintiff now seeks summary judgment on Defendants' Counterclaim, arguing that the alleged contract is not valid or enforceable; that Defendants have no reasonable damages and specific performance is not available as a remedy; and that, in any event, Defendants are not entitled to a release of claims because of the "Warner Agreement." Docket No. 260.

## BREACH OF CONTRACT

The essential elements of a breach of contract claim include (1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of that contract, and (3) damages caused by the breach of the contract. Ingram v. Cendant Mobility Financial Corp., 215 S.W.3d 367, 374 (Tenn. Ct. App. 2006). Whether the parties entered into an enforceable contract is a question of law. Petersen v. Genesis Learning Centers, 2005 WL 3416303 at * 4 (Tenn. Ct. App. Dec. 13, 2005). The Court need not reach the issue of whether a contract was breached if there was no enforceable contract.

A contract must result from a meeting of the minds of the parties in mutual assent to the terms. Doe v. HCA Health Services of Tenn., Inc., 46 S.W.3d 191, 196 (Tenn. 2001). The

3

contemplated mutual assent and meeting of the minds cannot be accomplished by the unilateral action of one party; nor can it be accomplished by an ambiguous course of dealing between the two parties from which differing inferences regarding continuation or modification of an original contract might reasonably be drawn. Davidson v. Holtzman, 47 S.W.3d 445, 453-54 (Tenn. Ct. App. 2000). The party seeking to enforce a contract must prove mutual assent to the contract's terms and that the terms are sufficiently definite to be enforceable. Id. at 453.

This Court previously found that, for purposes of Defendants' Motion to Enforce this alleged settlement agreement, the parties did not agree on the material terms of any settlement agreement. Nothing put forth by Defendants on this Motion for Summary Judgment changes that result. Defendants, as a matter of law, have not shown mutual assent and terms sufficiently definite to be enforceable.

Plaintiff contends that the parties' list of infringing products never came to a fixed or final list; that the parties never agreed as to whether the video game *Grand Theft Auto* was included in the proposed dismissal; that the parties never reached agreement as to digital distribution of the allegedly infringing products; that the parties reached no agreement as to when and if UMG's summary judgment motion would be withdrawn; and that the parties never reached agreement with regard to the statute of limitations issues. Docket No. 263-2.

In determining mutuality of assent, the Court must apply an objective standard based upon the parties' manifestations. Paul v. Merit Construction, Inc., 2007 WL 1836879 at * 5 (Tenn. Ct. App. June 27, 2007). The Statements of Undisputed Facts and Responses thereto are evidence that the parties did not reach a meeting of the minds as to the material terms of the settlement agreement. See e.g., Docket No. 286, ¶¶ 51-64; Docket No. 297, ¶ 25-31. Because there are disputes evidenced
4

by the uncontested documents (correspondence, e-mails, etc.), the Court finds, as a matter of law, that there was no meeting of the minds.

For example, Defendants contend that Plaintiff agreed, in July of 2006, to dismiss its claims concerning eight products. Docket No. 286, ¶ 24. Plaintiff insists that it agreed to dismiss those claims only if UMG was a released licensee under the "Warner Agreement."[1] Id.; see also ¶ 63. Plaintiff argues that it agreed to dismiss claims only if certain other things were accomplished. See, e.g., Docket No. 286, ¶¶ 24, 29 and 40; Docket No. 297, ¶ 23. Defendants contend that Plaintiff confirmed in writing on several occasions that it would dismiss its claims concerning "The 18th Letter/Book of Life." Docket No. 297, ¶ 22. Plaintiff insists that it made no such agreement. Id.

Plaintiff states that Bridgeport objected that UMG's proposed stipulation of dismissal was too broad and did not include the digital download issues, and Defendants dispute this fact. Docket No. 286 ¶ 40. The parties dispute whether the digital download issue was a condition of the dismissal of claims concerning the eight products. Docket No. 297, ¶ 31. The parties disagree as to whether inclusion of digital distribution was an essential term of the proposed settlement agreement. Docket No. 286, ¶ 40, 50, 56, 60-62.

The parties dispute whether Plaintiff ever agreed to UMG's proposal concerning the statute of limitations issue. Docket No. 297, ¶ 30. The parties disagree as to whether withdrawal of

---

[1] Defendants argue that the Court has already found that whether UMG was a "Released Licensee" under the Warner Agreement is a disputed issue of fact for trial and, thus, there are disputed issues of fact with regard to the settlement. Whether UMG is a licensee entitled to be released under the Warner Agreement is relevant to whether Plaintiff's claims against UMG should be dismissed; but whether UMG is a licensee under the Warner Agreement is not relevant to whether the parties had a meeting of the minds and negotiated an enforceable settlement agreement.

5

Defendants' summary judgment motion was an essential term of the proposed settlement agreement. Docket No. 286, ¶¶ 44, 51, 53, 55.

Defendants take the position that the parties' agreement concerning eight specific products can be separated from agreement (or lack thereof) on other terms, such as digital distribution or withdrawal of the summary judgment motion. See, e.g., Docket No. 297, ¶ 31 and Docket No. 288, ¶ 5. Plaintiff disputes this fact (Docket No. 297, ¶ 31) and maintains basically that it never agreed to such a limited scope of the proposed settlement. Docket No. 263-2.

If the parties did not agree, there is no agreement. If Plaintiff was attempting to reach a more global settlement and Defendants did not share that purpose, there was no agreement. If Defendants were willing to settle with regard to eight products only and Plaintiff was not, there was no agreement. In light of all these disputes, considering the entire context of the settlement negotiations, there was no meeting of the minds as to the scope or material terms of any agreement. The fact that there are disputed factual issues with regard to the settlement negotiations and the scope and terms of any purported agreement means that, as a matter of law, there was no agreement.[2]

Because the Court finds, as a matter of law, that there was no meeting of the minds as to the scope and material terms of the alleged settlement agreement, the Court need not reach the parties' other arguments concerning consideration, mutual mistake or fraud, and damages. Plaintiff's Motion for Summary Judgment (Docket No. 260) is GRANTED, and Defendants' Counterclaim (Docket No. 204) is DISMISSED.

---

[2] Defendants argue that the Court has already found, on Defendants' Motion to Enforce, that there are "contested facts in the record" and so summary judgment is not appropriate. The fact that the Court held, when this case was in a different posture and subject to a different standard, that there were contested facts in the record is different from determining, on a Motion for Summary Judgment, that, as a matter of law, there was no meeting of the minds in this case.

6

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7